UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ERICK JESIEK, et al.,  )
                       )
        Plaintiffs,  )    Case No. 1:09-cv-123
                       )
v.                     )    Honorable Paul L. Maloney
                       )
FIRE PROS, INC.,       )
                       )    **MEMORANDUM OPINION**
        Defendant.   )
_____)

This is a collective action brought under the Fair Labor Standards Act (FLSA). The original plaintiffs initiated this action by complaint filed February 12, 2009, alleging, among other things, that plaintiffs were not properly paid for time worked in excess of forty hours each week. By opinion and order entered May 17, 2011, Chief Judge Paul Maloney granted conditional certification of this case as a collective action under 29 U.S.C. § 216(b) and approved a form of notice to prospective opt-in plaintiffs.

Shortly after Judge Maloney's certification order, plaintiffs moved for an order equitably tolling the statute of limitations for all future opt-in plaintiffs, on the basis of the delay that occurred in this court in conditionally certifying the case and approving the form of notice. The motion is brought by the original plaintiffs, but purports to seek relief on behalf of plaintiffs who have not yet appeared in the case. Plaintiffs assert that the statute should be deemed tolled for opt-in plaintiffs for the entire time that the motion for certification was under consideration by the court or, alternatively, from October 7, 2009, the date that the court suspended the case management order. Plaintiffs' motion for equitable tolling was filed before any opt-in plaintiff has entered the case

pursuant to Judge Maloney's order and, indeed, even before the notice to putative plaintiffs has been issued. Judge Maloney has referred plaintiffs' motion to me for decision. 28 U.S.C. § 636(b)(1)(A).

Upon review of plaintiffs' motion, I find that it is premature. By statute, the limitations period for an opt-in plaintiff continues to run until the plaintiff files a written consent to join the action. 29 U.S.C. § 256(b). Nevertheless, the FLSA statute of limitations, like any other federal limitations period, is subject to the doctrine of equitable tolling. *See Hughes v. Region VII Area Agency on Aging*, 542 F.3d 169, 187-88 (6th Cir. 2008). The Supreme Court has cautioned that federal courts should invoke the doctrine of equitable tolling "sparingly." *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96 (1990). The doctrine applies "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphries v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). A plaintiff bears the burden to demonstrate why he is entitled to equitable tolling of the statute of limitations. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The resolution of the issue is fact-specific and is applied on a case-by-case basis to prevent inequity. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998). Application of the doctrine requires fact-finding with regard to the individual plaintiff's knowledge, diligence, and conduct, including whether plaintiff had actual or constructive notice of the filing requirement, plaintiff's diligence in pursuing his rights, and the plaintiff's reasonableness in remaining ignorant of any particular legal requirements. *Id.*; *see Lyons v. Metropolitan Gov't of Nashville & Davidson County*, No. 09-6084, 2011 WL 1042271, at * 8 (6th Cir. Mar. 22, 2011).

In my opinion, the request of the original plaintiffs that the court declare the statute of limitations be equitably tolled on behalf of absent parties is not properly before the court and is

therefore premature. At the present juncture, no opt-in plaintiff has appeared in response to Judge Maloney's order. Therefore, the number of opt-in plaintiffs, their identities, and their individual circumstances are unknown. The statute of limitations is an affirmative defense, *see* FED. R. CIV. P. 8(c), which defendant has yet to assert with regard to the claims of any opt-in plaintiff. If and when that defense is asserted, the burden will be on each opt-in plaintiff to demonstrate facts satisfying the Sixth Circuit's requirements for the application of the doctrine of equitable tolling. In the case's present posture, the entire question is hypothetical and is raised by plaintiffs who have no personal interest in the outcome. It must be remembered that a collective action under the FLSA is not a certified Rule 23 class action, and that the original plaintiffs accordingly do not represent absent parties. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 173 (1989). In a section 216(b) action, the named plaintiffs have "no right" to represent potential opt-in parties. *Cameron -Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1249 (11th Cir. 2003).

Plaintiffs have cited several district court decisions in which the court has granted the kind of prospective declaration that plaintiffs seek in the present case. *See, e.g., Abadeer v. Tyson Foods, Inc.*, No. 3:09-125, 2010 WL 5158873 (M.D. Tenn. Dec. 14, 2010); *Antonio-Moralez v. Bimbo's Best Produce, Inc.*, No. Civ. A. 8:5105, 2009 WL 1591172 (E.D. La. Apr. 20, 2009); *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822 (S.D. Ohio 2007). In my opinion, these cases are wrongly decided and are not compelling authority in the present circumstances. These cases appear to be exercises in expediency at best or judicial legislation at worst. Each case features the finding of facts on the basis of no evidence and the invocation of a court's equitable powers on behalf of parties who are not yet before the court. It is impossible to discern how a party who has not yet appeared in the case can bear his burden to prove anything, or how the wholesale declaration that a group of absent parties have all been diligent is a careful exercise of equitable discretion. The far safer course, and the

one required by the case-by-case approach dictated by the Sixth Circuit, is to allow each plaintiff to opt-in, assert his or her claims, and then address the statute of limitations defense (if and when raised) on the basis of the facts peculiar to that plaintiff.

For the foregoing reasons, plaintiffs' motion to toll the statute of limitations will be dismissed without prejudice.


Dated: June 16, 2011					/s/ Joseph G. Scoville
							United States Magistrate Judge